UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL D. BONTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:17-cv-00450-WTL-DLP |
| ) | |
| J.E. KRUEGER Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Petitioner Michael Bonty was convicted by a jury in the United States District Court for the Southern District of Illinois of transporting a minor in interstate commerce with intent to engage in criminal sexual activity, three counts of attempting to intimidate a juvenile witness in violation of 18 U.S.C. § 1512, and one count of being a felon in possession of a firearm. He seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2241. For the following reasons, Bonty's habeas petition must be **denied**.

**I. Procedural Background**

Bonty's convictions were based on a finding that Bonty and an associate had lured two teenage girls from a mall in St. Louis, Missouri to a home in East St. Louis, Illinois and that Bonty had sex with one of the girls and later took them home. Shortly thereafter, he saw the girls with local law enforcement and left threatening voicemail messages on one of the girls' phones.

His convictions were affirmed on appeal. *United States v. Bonty, et al*, 383 F.3d 575, 578-80 (7th Cir. 2004).[1]

In November 2005, Bonty challenged his conviction and sentence in a motion for relief under 28 U.S.C. § 2255. That motion was denied, *Bonty v. United States*, 3:05-cv-00797 (S.D. Ill.), Dkt. No. 7, and the Seventh Circuit denied a certificate of appealability. In June 2007, Bonty filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure arguing that one of the victims had committed fraud on the Court. That motion was denied on the merits. Then in September of 2008, Bonty filed a petition for a writ of *audita querela* arguing that his sentence was unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005), and the district court dismissed the petition. *See Bonty v. United States*, No. 3:08-cv-00652 (S.D. Ill.), Dkt. No. 1, 4. Bonty filed a third § 2255 motion in June, 2016 under *Johnson v. United States*, 135 S. Ct. 2251 (June 26, 2015). However, the Seventh Circuit denied Bonty's application to file a successive § 2255 motion and his motion was dismissed for lack of jurisdiction. *See Bonty v. United States*, No. 3:16-cv-00704 (S.D. Ill.), Dkt. No. 4. Bonty filed two more petitions to file a successive motion for relief pursuant to 28 U.S.C. § 2255. Both were denied. He then filed this petition for a writ of habeas corpus.

## II. Standard under § 2241

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *Davis v. United States*, 417 U.S. 333, 343 (1974). A prisoner is generally limited to bringing only one motion under § 2255. *Id.* However, even if he has already pursued

---

[1] Bonty challenges much of the respondent's characterization of the facts underlying his convictions. But, for purposes of this petition for a writ of habeas corpus, many of those facts are irrelevant. Further, to the extent that Bonty challenges some of the facts that formed the basis of his conviction for transporting a minor with intent to engage in criminal sexual activity, he was convicted by a jury of this offense and, as explained below, his challenge to that conviction cannot be successful here.

relief under § 2255, a prisoner may be able to challenge his federal conviction or sentence under 28 U.S.C. § 2241.

The "savings clause" in 28 U.S.C. § 2255(e) authorizes a federal prisoner to file a § 2241 petition in limited circumstances, that is when § 2255 is "inadequate or ineffective to test the legality of his detention." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016); 28 U.S.C. § 2255(e). "Whether section 2255 is inadequate or ineffective depends on whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). The Seventh Circuit has distilled this analysis into a three-part test:

> A petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent."

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (citing *Davenport*, 147 F.3d at 611). The Seventh Circuit has also explained that § 2255 is inadequate or ineffective when the petitioner has discovered new evidence that would reveal that the Constitution categorically prohibits a certain penalty. *Webster*, 784 F.3d at 1136. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. *See id.* at 1141.

### III. Discussion

Bonty seeks relief under § 2241 arguing that his rights were violated when certain witnesses, including the victim, were allowed to testify by video and that his convictions for witness tampering are improper. The respondent argues that Bonty cannot obtain habeas relief under § 2241 because he has failed to satisfy the savings clause by showing that § 2255 is inadequate or ineffective to test the legality of his detention. Each of Bonty's claims is discussed below.

A. *Testimony by Video*

Bonty's first claim is that his due process rights and his rights under the Confrontation Clause of the Sixth Amendment were violated when "three key witnesses" were allowed to testify by video. This claim does not satisfy the elements of the savings clause as set forth by the Seventh Circuit. First, this is a constitutional claim, not a claim of statutory interpretation. *See Montana*, 829 F.3d at 783. Second, even if the rule were one of statutory interpretation, Bonty does not rely on a new rule that has been applied retroactively to cases on collateral review. *See id.* He also does not present new evidence that could not have been presented previously or that would show that his conviction was unconstitutional. *See Webster*, 784 F.3d at 1139. The Seventh Circuit stated this when it denied his second application for leave to file a successive motion for relief pursuant to § 2255. *Bonty v. United States*, No. 17-2413 (7th Cir. July 18, 2017) ("None of Bonty's proposed claims relies on … a new rule of constitutional law."). Bonty therefore has failed to show that § 2255 is "inadequate or ineffective" to present his claim and he therefore cannot present it in this § 2241 petition.

B. *Attempted Witness Intimidation*

Bonty next challenges his convictions for attempting to intimidate a potential witness by leaving her threatening voicemail messages. He argues: (1) there was not a sufficient connection to a federal investigation to support his convictions under 18 U.S.C. § 1512(b)(3); (2) he cannot be guilty of this crime because the victim never listened to the messages; and (3) he should not have been convicted of three counts of attempted witness tampering.

1. *Federal Nexus*

Bonty first argues that there was not a sufficient connection to federal law enforcement when he left the voicemail messages to support a conviction for witness tampering under § 1512. Bonty relies on *Fowler v. United States*, 563 U.S. 668 (2011), and the Seventh Circuit's application of *Fowler* in *United States v. Snyder*, 865 F.3d 490 (7th Cir. 2017). In *Fowler*, the Supreme Court dealt with a conviction under § 1512(a)(1)(C), which imposes a mandatory life sentence on "Whoever kills … another person, with intent to … prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." The Court held that, to convict someone under § 1512, "the Government must show that there was a *reasonable likelihood* that a relevant communication would have been made to a federal officer." 563 U.S. at 670 (emphasis in original). The defendant in *Snyder* pleaded guilty to robbing a gas station in violation of the Hobbs Act, 18 U.S.C. § 1951(a). 865 F.3d at 493. He was convicted after a jury trial on the related charge of conspiring to murder a federal witness under § 1512 and appealed the § 1512 conviction. Applying *Fowler*, the Seventh Circuit held, among other things, that because there was "extensive overlap" between the federal crime of Hobbs Act robbery and robbery under state law, the fact that the robbery could be prosecuted under the Hobbs Act, without more, was insufficient to satisfy § 1512. The court concluded: "[w]ithout the murder, it is unlikely the

Circle K robbery would have been prosecuted in federal court." *Snyder*, 865 F.3d at 499. The court therefore found that the evidence was insufficient to convict the defendant of federal witness tampering. *Id.*

The respondent concedes that the first two elements of the savings clause are met with regard to Bonty's claim based on *Fowler*. First, *Fowler* has been held to be a case of statutory construction. *Hourani v. Werlich*, No. 18-cv-152-DRH, 2018 WL 947669 at * 2 (S.D. Ill. Feb. 16, 2018) (citing *Bruce v. Warden Lewisburg USP*, 868 F.3d 170 (3d Cir. 2017) ("[T]he Supreme Court's *Fowler* decision interpreted the witness tampering murder statute in a manner that gave the statute a narrower reach than that previously permitted by our Circuit precedent.")). In addition, "*Fowler* has also been deemed substantive and retroactive." *Id*. at *2 (citing *Bruce*, 868 F.3d at 182). *See also United States v. Smith*, 723 F.3d 510, 515 (4th Cir. 2013).

The respondent argues, however, that Bonty's claim based on *Fowler* still cannot succeed because it fails on the third element – that his conviction is a "miscarriage of justice" such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). This is because, according to the respondent, Bonty is not "actually innocent" of federal witness tampering. Under *Fowler*, to obtain a conviction under § 1512, the Government must show that there was a "reasonable likelihood" that the victim would have spoken to federal law enforcement officers. 563 U.S. at 670. In other words, "the likelihood of the victim communicating with a federal officer was 'more than remote, outlandish, or simply hypothetical.'" *Id.* at 677. Moreover, the Court noted that because of the extensive overlap between state and federal crimes, the commission of a federal crime, without more, generally does not satisfy the reasonable likelihood standard. *See id.* at 676.

Here, Bonty cannot show that, in light of *Fowler*, he is actually innocent of federal witness tampering. While *Fowler* and *Snyder* require something more than the commission of a federal crime to show a sufficient federal nexus, there is something more here. First, Bonty's actions involved actively transporting his victim across state lines, which creates an obvious federal connection. In addition, *Fowler* involved a conviction under § 1512(a)(1)(C), for the murder of a witness before the witness was able to speak to law enforcement. 563 U.S. at 672. As the *Snyder* court explained: "In such cases, the Supreme Court instructed courts to consider the counterfactual world in which the victim is not murdered and to ask with whom she would have communicated." 865 F.3d at 496. Here, it is not necessary to consider the counterfactual world where the witness is not murdered because Bonty's victim was not murdered and did speak to federal law enforcement. The fact that she did speak to federal law enforcement creates sufficient evidence to conclude that there is "reasonable likelihood" that she would. Moreover, it is irrelevant whether Bonty himself thought the witness would speak to federal authorities. *Id.* at 496. Because there was an obvious federal element to his crime and because it is undisputed that the witness did actually speak to federal law enforcement officers, Bonty has failed to show that he is actually innocent of federal witness tampering. He is therefore not entitled to habeas relief on this claim.

2. *Whether the Victim Heard the Intimidating Messages*

Bonty also argues that his conviction for witness tampering is invalid because the victim never heard the messages. The respondent argues that Bonty cannot present this argument in this § 2241 petition because he has not satisfied the first two factors to show that § 2255 is inadequate or infective. He has not presented any intervening Supreme Court case of statutory

interpretation holding that a victim of witness tampering must actually learn of the threat. He has therefore failed to show that he is entitled to § 2241 relief on this claim.

### 3. *"Single Unit of Prosecution"*

Bonty similarly has failed to show that § 2255 was inadequate to present his claim that the messages should have been treated as a "single unit." In fact, he did raise this challenge in his § 2255 petition as a double jeopardy claim. Rejecting this claim, the court held:

> And although Counts 4, 5, and 6 each had the same basic elements of proof, each one was based on a different telephone call. Where separate phone calls are made to a victim, each call can be treated as a distinct act and indicted separately, especially where each call can be considered a genuine threat. *See United States v. Frazer*, 391 F.3d 866, 870 (7th Cir. 2004). Each of the three calls in question here certainly qualifies as a true threat. Each charge contained in Counts 1, 4, 5, 6, and 7 was separate and distinct.

*Bonty v. United States*, No. 3:05-cv-00797-MHR, Dkt. No. 7, p. 16. Because Bonty already raised this claim, he cannot raise it again here. 28 U.S.C. § 2244(a). Moreover, Bonty does not rely on an intervening Supreme Court decision or the discovery of new evidence to support his claim. He has therefore failed to show that he is entitled to present this claim in his § 2241 petition.

## IV. Conclusion

For the reasons discussed above, Michael Bonty has not demonstrated his entitlement to relief under 28 U.S.C. § 2241. The petition for a writ of habeas corpus is therefore **denied** and this action is **dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 8/20/18

Distribution:

MICHAEL D. BONTY
29611-044
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All electronically registered counsel